MASTER HORSESHOERS' PROTECTIVE ASS'N OF BOROUGH OF
MANHATTAN v. QUINLIVAN.

(Supreme Court, Appellate Division, First Department. May 15, 1903.)

1. INJUNCTION—GROUNDS OF REMEDY—STRIKES.

　　An action may be maintained by an incorporated association of master
mechanics against a voluntary association of their journeymen to enjoin
defendant, acting either in its corporate capacity or through its indi-
vidual members, from committing acts of violence against members of
plaintiff association or their employés, or interfering by violence with
plaintiff's property.

　　Van Brunt, P. J., and Ingraham, J., dissenting.

Appeal from Special Term, New York County.

Action by the Master Horseshoers' Protective Association of the
Borough of Manhattan against James Quinlivan, as president of the
Journeymen Horseshoers of the City and County of New York.
From an order denying a motion to continue an injunction pendente
lite, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN,
O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Ingle Carpenter, for appellant.
Daniel F. Kiely, for respondent.

McLAUGHLIN, J. The complaint alleges that the plaintiff is a
membership corporation organized under the laws of the state of
New York; that its membership is made up exclusively of master
horseshoers, conducting the business of horseshoeing in the boroughs
of Manhattan and the Bronx in the city of New York; that its ob-
jects, among other things, are to elevate the character and skill of the
craft, to protect and foster mutual interests of horseshoers in such
localities, and to act in conjunction with members of the Journeymen
Horseshoers, and have the articles manufactured by it used by its
membership, and to help and protect the interest of its individual mem-
bers; that the defendant is a voluntary unincorporated association,
composed of more than seven persons, and at the time stated in the
complaint the defendant Quinlivan was the president thereof; that
prior to the 8th of December, 1902, the defendant association, on be-
half of its members, demanded of the plaintiff that an increase in
wages and a shortening of the hours of labor be granted by members
of the plaintiff to members of the defendant, and that, in addition
thereto, an alleged stamp or trade-mark of the defendant's association
should be recognized by the plaintiff to the extent that plaintiff should
require its members to allow such stamp or trade-mark to be affixed to
the horseshoes put on in the shops of any of plaintiff's members; that
plaintiff was ready and willing and agreed to accede to the defendant's
demands as to wages and the hours of labor, but refused, and still
refuses, and intends to continue to refuse, to concede to the alleged
stamp or trade-mark of the defendant association, and that thereafter
the defendant association declared a strike against the plaintiff, and
required all of its members to leave the employment of the plaintiff's

members, and thereupon the members of the defendant association obeyed such requirement, and went out on a strike, and that such strike has since continued; that the plaintiff and its members have for many years employed in the boroughs of Manhattan and the Bronx in the city of New York a stamp or trade-mark which consists of a mark representing a horseshoe inserted between the letters N and A, which by its constitution and by-laws its members are required to affix to each horseshoe fitted by them, and that the right to use such trade-mark is a valuable property right belonging to the plaintiff; that the strike ordered by the defendant association is to impair, diminish, or destroy the value of such stamp, and the plaintiff's property rights therein; and, on information and belief, that since the commencement of such strike the defendant maliciously, and with intent to injure and destroy the plaintiff and its property rights, and to impair its membership by compelling them to close their shops and seek other lines of business, has committed, and is now engaged in committing, and intends to continue to commit, acts of violence against the plaintiff, its members, and their employés. Certain specific acts are then alleged, in which the time and place are stated where plaintiff's members and persons employed by them have been assaulted and brutally beaten by members of the defendant, and property of some of the plaintiffs interfered with or destroyed; and that persons in the employ of the plaintiff's members have been threatened with personal violence if they continued in such employment. The complaint further sets out that each and all of the acts of violence and intimidations stated have been and are committed and done in furtherance of the wrong and unlawful purpose of the defendant association, acting through its members, to injure plaintiff, and force it to accede to the demands of the defendant association; that the defendant threatens and intends to continue its acts of said violence and intimidation unless restrained. The judgment demanded, among other things, is that the defendant be enjoined from resorting to any species of personal violence upon any member of the plaintiff or workman employed by any member of it, or resorting to any species of threats, intimidations, force, or fraud against any of its members or interfering by violence with any of the property of the plaintiff or its members in violation of law.

Upon the complaint and affidavits of persons who have been assaulted by the members of the defendant, setting forth the time when and the place where and by whom such assaults were committed, the plaintiff applied for and obtained an injunction pending the return of an order to show cause, enjoining and restraining the defendant from in any manner interfering with the objects and business of the plaintiff and its members by resorting to any species of threats, intimidations, force, or fraud upon plaintiff's members, or upon any employés or customer of any member of the plaintiff. Upon the return of the order to show cause affidavits were presented of the different persons alleged to have committed the assaults, which, in substance, denied that the assaults were committed as alleged in the affidavits upon which the injunction was granted. An affidavit was also presented by the defendant Quinlivan, which admitted that the defendant had ordered a strike against the plaintiff, and in which

he alleged that it nowhere appeared from the affidavits submitted by the plaintiff by which it could be shown that the defendant association had in any way ordered or directed any of the acts to be done of which the plaintiff complains, but he nowhere denied that the defendant had in fact ordered and directed such acts to be done, nor did he or any other officer or member of the defendant deny any of the allegations of the complaint to the effect that the defendant, with the intent to injure and destroy the plaintiff, had committed, and was then engaged in committing, and intended to commit, acts of violence against the plaintiff and its members and their employés. Notwithstanding this fact, the court refused to continue the injunction, and vacated the one which had been granted pending the return of the order to show cause upon the ground, as appears from the opinion delivered, that, if it was not proper to grant an injunction in the case of National Protective Association v. Cumming, 170 N. Y. 315, 63 N. E. 369, 58 L. R. A. 135, 88 Am. St. Rep. 648; Id., 53 App. Div. 227, 65 N. Y. Supp. 946—it would not be proper in this case, and the plaintiff has appealed.

The principle announced in the Cumming Case has no application whatever to the facts here presented. There the issues involved were whether one labor organization had the right to refuse to permit its members to work with fellow servants who were members of a rival organization, while here the real issue is whether the defendant, because the plaintiff will not accede to its demands, has the right to resort to physical force for the purpose of destroying the plaintiff by impairing its membership and injuring it in its property rights. It is alleged in the complaint, and nowhere denied, that the defendant "is now engaged in committing, and intends to continue to commit, acts of violence against the plaintiff and its members and their employés" for the sole purpose of compelling the plaintiff to comply with the demands which the defendant has made. Whether or not such demands are reasonable, or whether the plaintiff should comply with them, is a question which must be determined in the regular and orderly way of a trial of the issues formed by defendant's answer to the complaint. It is no answer to the plaintiff's contention that it has a right to maintain the action to say that each member of its association could maintain an action in his own behalf to recover the damages which have been inflicted upon him by the members of the defendant, or to enjoin defendant from participating in such acts of violence by advising or approving what its members are doing. The plaintiff has been duly incorporated under the laws of the state, and as such has rights in the nature of property which are entitled to the protection of the court. It has a right to exist, and, when its destruction is sought by unlawful means, no matter in what way or by what methods, it has sufficient standing in an action brought to prevent that result to enable a court of equity to exercise the powers which it possesses. The defendant has no right, either directly or indirectly, acting in its corporate capacity or through its individual members, to resort to physical force for the purpose of enforcing its alleged rights. This, as I read the complaint, is precisely what it is doing, and it should be enjoined until the action has been tried, es-

pecially in view of an allegation in the complaint, which is not denied, to the effect that the defendant has no property, and cannot answer in damages to the plaintiff or its members.

For these reasons I think the order appealed from should be reversed, with $10 costs and disbursements, and the motion to continue the injunction during the pendency of the action granted, with $10 costs.

O'BRIEN and LAUGHLIN, JJ., concur.

INGRAHAM, J.   Assuming that the individual members of the plaintiff corporation would be justified in applying to the court to restrain the violence and intimidation resorted to by the members of the defendant association—a proposition to which I do not dissent —I am unable to see how the plaintiff is justified in asking the court to interfere in its behalf.   The plaintiff, a membership corporation, has a personality entirely distinct from that of its individual members. It is a corporation capable of suing and being sued, of holding property, and protecting its property rights and interests.   If this defendant, or the members of the association of which the defendant is president, had interfered with the property of the plaintiff, or were guilty of any unlawful act against the corporation which caused it damage, a different question would be presented; but I fail to find any facts alleged which would justify this conclusion.   The plaintiff alleges that it is the owner of a trade-mark, which is a valuable property right, but there is no allegation that the defendant or the association that he represents has done any act that tended to injure the plaintiff's trade-mark.   The fact that the defendant and the members of the association insisted that upon goods manufactured by the members of the defendant association should be impressed a mark showing that they were so manufactured did not tend to injure the plaintiff's trade-mark.   There is no allegation that the defendant refused to allow the plaintiff's trade-mark being also impressed upon the horseshoes manufactured by the members of the plaintiff corporation; and this is the only property, so far as appears, that the plaintiff has, and nothing was done that would injure that property.   The strike was not against the plaintiff corporation.   Certain employés of members of the plaintiff corporation had struck, and refused to continue to work for their employers unless their demands were acceded to; and to enforce that demand violence was resorted to, which was clearly illegal; but the injury that resulted was injury to the individual members of the plaintiff corporation, and not to the corporation itself.   There was no demand that the defendant's employers should withdraw from the corporation, and nothing that could possibly affect the plaintiff's property.   The right to use its stamp or trade-mark not being involved, and the plaintiff corporation having no authority to commence an action to protect its members, I can see no ground upon which this action can be maintained. The injury that was sustained by the unlawful acts of the defendants affected the individual members of the plaintiff corporation.   If there had been a trespass upon the individual property of a member

of the plaintiff corporation, which had caused injury, that individual could maintain action against the wrongdoer; or, if the property of an individual member of the plaintiff corporation had been converted, such individual member could have maintained an action for such conversion. But it could hardly be claimed in such a case that the plaintiff corporation could recover for the damages sustained by such unlawful acts affecting its individual members. The liability of a corporation for the acts of its officers and agents who resort to violence or fraud for the purpose of carrying out the objects for which the corporation was organized is entirely distinct from the right of such a corporation to recover the damages sustained by its individual members in consequence of the unlawful acts of others. The basis upon which injunctions have been granted in actions of this kind is that the property of the plaintiff has been affected by violence or fraud, or the individual right of either a person or a corporation to transact its ordinary business has been illegally interfered with by one or more persons against whom relief is asked. Buffalo Lubricating Oil Co. v. Standard Oil Co., 106 N. Y. 669, 12 N. E. 826, was an action to recover the damages sustained by the plaintiff, not the damages sustained by others. In Curran v. Galen, 152 N. Y. 33, 46 N. E. 297, 37 L. R. A. 802, 57 Am. St. Rep. 496, the court sustained an action for damages against the defendants for having confederated and conspired together to injure the plaintiff by taking away his means of earning a livelihood and preventing him from obtaining employment; but it was an injury to the individual right of the plaintiff that was sought to be redressed. The relief that is asked for in this action is to restrain the defendants from interfering in any manner with the objects of the plaintiff and the business of the plaintiff's members, and the workmen employed by such members from resorting to any species of personal violence upon any member of the plaintiff or workmen employed by any member; from resorting to any species of threats, intimidation, force, or fraud against the plaintiff or its members, or the workmen employed by its members for the purpose of accomplishing the withdrawal of such workmen from the employment of plaintiff's members; or from interfering by any other means in violation of law with the property and property rights of the plaintiff and its members. For relief to protect the members of the plaintiff corporation, the members must bring the action, and I can find no evidence in the record that the members of the defendant association interfered in any way with the plaintiff corporation, or affected its property rights or interests, which would justify the corporation in maintaining an action either to recover damages for the unlawful acts complained of or to restrain the continuance of such unlawful acts.

For this reason I think the court below correctly refused to grant an injunction, and that the order appealed from should be affirmed, with $10 costs and disbursements.

VAN BRUNT, P. J., concurs.